DECISION
Background
The Appellant, Mr. Lloyd Powless, has appealed the decision of the Oneida Personnel Commission (OPC) that overturned the decision of the Area Manager terminating employee Bruce Steinfeldt, the Respondent. The OPC found that Stein-feldt’s due process rights were violated because the Area Manager did not meet with him during investigation, proper Blue Book complaint sequences were not followed, and procedural irregularities were present. We find that procedural irregularities were present and require a remand to the Personnel Commission for a new hearing.

A. Factual Background.

This case arose when Appellant terminated Steinfeldt, who was a manager for the Oneida print/mail center, on April 23, 2008 for several alleged violations of the Blue Book that included failure to exercise proper judgment, failure to provide accurate and complete information, insubordination, failure to be courteous in dealing with fellow employees, and negligence in performance of assigned duties. These charges came from supervisor, Lloyd Pow-less, after he was approached by print center employees who had voiced their concerns about problems in the print shop and that a previous calendar mistake, allegedly costing the Tribe $17,000, had been the fault of Steinfeldt. Powless had asked *93 Steinfeldt to conduct an investigation regarding the calendar in November 2007 and report back the results in December 2007, which he did, but he failed to mention that it was his mistake. These incidents led to Powless’s questions on why Steinfeldt had failed to admit fault for the calendar. As a result, Powless began an investigation into other incidents. On April 3, 2008, Powless assigned Steinfeldt to an alternate work site and began an investigation, which involved the review of various allegations of misconduct. Based on this investigation, Powless terminated Steinfeldt on April 23, 2008, which was upheld by the Area Manager who was unable to meet with Steinfeldt during the review process.

B. Procedural background.

Steinfeldt appealed the decision to the OPC where a hearing was set. Prior to the hearing, the parties had settlement discussion. A settlement document was suggested and presented to Steinfeldt. However, settlement did not occur. The proposed settlement document from the employer was allowed into evidence at the OPC hearing over the objections of Pow-less. The Oneida Personnel Commission issued its decision on March 13, 2009 and Powless appealed to the Oneida Tribal Judicial System, Appellate Court.
Issue
Did the OPC commit a procedural irregularity by allowing the unaccepted settlement agreement into evidence?
Analysis
Did the OPC commit a procedural irregularity by allowing the unaccepted settlement agreement into evidence?
Yes. Powless argues the admission of the attempted settlement documents was improper and tainted the proceedings by influencing the OPC in their decision, and asks the Court to overturn the decision and remand for a new hearing. Steinfeldt claims that according to the APA, the agreement was properly admitted into evidence and did not influence the OPC decision because they do not make any reference to it in their decision. On this central issue, the law favors Powless because although there is not a specific Oneida rule disallowing settlement agreements or attempted settlement agreements into evidence, there are strong policy reasons to keep the settlement negotiations of the parties from becoming evidence in the case: it discourages settlement and unfairly uses a party’s settlement offers against it.
Our rules of procedure permit us to look to other jurisdictions when there is no rule on point. Rule 1 of Oneida Rules of Civil Procedure Section (E) permits the Court to look to the Federal Rules of Civil Procedure as a guide in providing reasonable justice. Rule 408 of Federal Rules of Evidence deals with compromise and offers of compromise. Section (a) covers evidence that is not admissible:
(1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim
Fed.R.Evid. 408(a).
This section makes attempted settlement agreements inadmissible as evidence, which is supported by federal court decisions. In Alexander v. City of Evansville, Indiana, 120 F.3d 723 (7th Cir.07/24/1997), the Court held that the district court did not abuse its discretion by excluding a settlement agreement that firefighters were trying to use, claiming that it was for the purpose of the City’s interpretation of the agreement. In Ramada Development *94 Co. v. Rauch, the Fifth Circuit affirmed the District Court’s refusal to admit a report prepared by an architect employed by Ramada “because the report was a tool in an unsuccessful settlement attempt.” 644 F.2d 1097, 1106 (5th Cir.1981). In Central Soya Co., Inc. v. Epstein Fisheries, Inc., the purpose of Rule 408 was discussed as “[i]t is to encourage settlements. The fear is that settlement negotiations will be inhibited if the parties know that their statements may later be used as admissions of liability.” 676 F.2d 939 (7th Cir.1982).
The exclusion of the failed settlement agreement is also supported by Rule 68 of the Federal Rules of Civil Procedure that declares “Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.” F.R.C.P. 68(b).
Therefore, we adopt this rule: settlement discussions, offers to compromise and related statements and documents are inadmissible as evidence.
Although Oneida does not have a rule directly on point, settlement discussions and negotiations are arguably a form of peacemaking. The Oneida Tribal Judicial System Peacemaking Guidelines require confidentiality, which supports the idea of parties coming to agreement, rather than expecting that negotiations be used against them in a hearing or court. Adding this Guideline to the above cases and rules, a clear pattern of excluding evidence of attempted settlement agreements emerges, and thus, OPC’s decision to allow this attempted settlement agreement into evidence is inconsistent with Oneida Peacemaking rules and federal evidentiary rules and case law.
The question then becomes whether this improper admission influenced the OPC decision or was a harmless error? Even though the OPC did not reference the agreement in its decision, the failed settlement was a considerable part of Ste-infeldt’s case presented to the OPC, which could lead one to conclude that it had at least some influence. Thus, when combined with the policy and precedential implications, this admission strongly appears to be an error, which is not harmless. Based on this issue alone, the decision by the OPC must be overturned and remanded back to the OPC with a new hearing body assigned to conduct a hearing that is consistent with our decision today.
In addition to the central issue of allowing the unaccepted settlement agreement into evidence, another issue that needs further examination is the Area Manager failing to interview Steinfeldt during the investigation. The OPC decision claimed that interviewing Steinfeldt was a duty of the Area Manager in a proper investigation. This point is debatable because the Blue Book section V.D.6.b.2. requires:
[t]he Area Manager will investigate the disciplinary action ... and a copy of the decision will be given to the employee (petitioner), the supervisor (respondent), the General Manager, and the HRD Manager and will include the reason for the decision with an explanation of the decision and the action to be taken as a result of the decision.
The issue is whether the requirement for the Area Manager to “investigate” the discipline means the Area Manager must interview the employee, even though the employee could be partly to blame for the interview not occurring. The Oneida Tribal Judicial Systems prior holdings make this issue a close call.
On the one hand in Oneida Governmental Services v. Torres, — Am. Tribal Law -, 2003 WL 25888543 (Oneida C.A.04/08/2003), the Court affirmed a reversal of employee discipline based on the *95 fact that the employee was not interviewed during the investigation by the person acting as the Area Manager. The Court noted that “[i]n a thorough investigation it is only reasonable that everyone involved in the situation must be interviewed in order to come to a just decision.” Id., — Am. Tribal Law-, 2003 WL 25888643, *1. Therefore, the case law supports a requirement that the Area Manager must interview the employee being disciplined and all those involved in the matter.
However, Gollnick v. Powless, No. 01-AC-020 (Oneida Appeals Commission 01/03/2002), provides an exception to the rule from Torres. In Gollnick, the Court found that the termination of the employee was proper even though the Area Manager did not interview the employee. In that case the employee was given the opportunity to respond to the termination by the Area Manager, but refused to meet. The Court noted that “[d]ue process is about notice and opportunity, and parties cannot avoid opportunity and then claim due process violation.” Id., — Am. Tribal Law -, 2003 WL 25888643, *2.
It is not clear from the OPC decision and party briefs whether Steinfeldt’s failure to meet with the Area Manager rises to the level of a “refusal” as described in Gollnick. On one hand, the Area Manager claims that attempts were made through Steinfeldt’s advocate, but the advocate failed to respond. Additionally, the Area Manager claims that her assistant contacted Steinfeldt on several occasions, but was unable to reach him. However, Steinfeldt claims that no messages were left, and that he had spoken to the assistant once, who told him that she would get back to him. The Area Manager also admitted to not having called Steinfeldt, but having delegated this to her assistant. Moreover, Steinfeldt countered that in addition to not interviewing him during the review process, the Area Manager failed to interview other witnesses involved in this matter, which could signal an overall inadequate investigation. The Area Manager also admitted that she had been out of town for part of the time and this was only her second disciplinary review as an Area Manager. Yet, with his job hanging in the balance, Steinfeldt did not appear to make telling his side of the story a priority.
Considering there is a difference of opinion on who was responsible for the lack of meeting, the re-hearing of this case should also re-examine the roles of these two parties in the failed meeting in light of the cases mentioned above and the actions of the parties. The Court believes the issue of who was responsible for the failed meeting is much closer than the original OPC decision points, and could be looked at differently after the procedural errors are remedied. Someone should not be able to avoid a meeting about the disciplinary action and then benefit from the lack of meeting; however, the Area Manager must also show that he or she has conducted a thorough investigation in “good faith.” Therefore, if the facts show that the Area Manager made a “good faith” effort to meet, but Steinfeldt was the one who avoided the meeting, he cannot claim that his due process rights were violated.
Decision
The Motion to Dismiss is denied. This case is remanded back to the OPC with a new hearing panel to conduct a hearing that conforms to the Rules of Evidence and Rules of Civil Procedure.
It is so ordered.